O

JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CARLOS ABASCAL, | ) | NO. SACV 13-0946-CAS (JEM) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER RE:  SUMMARY DISMISSAL OF ACTION FOR LACK OF JURISDICTION** |
| UNITED STATES GOVERNMENT, | ) | |
| Respondent. | ) | |

On July 3, 2013, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.[1]  (Petition at 2.)   For the reasons set forth below, the Petition is dismissed without prejudice.

Title 28 U.S.C. § 2241 provides that federal courts have jurisdiction to grant writs of habeas corpus to individuals "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  The Court need neither grant the habeas petition nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243; <u>see also</u> Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[2] ("Rule 4") ("If it plainly appears from the petition and any attached exhibits

---

[1]  Petitioner filed an Application to File Case Under Seal, which the Magistrate Judge denied on June 28, 2013.

[2]  The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  <u>See</u> Rule 1 of the Rules

1   that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition
2   and direct the clerk to notify the petitioner."). "[U]nder § 2243 it is the duty of the court to screen
3   out frivolous applications and eliminate the burden that would be placed on the respondent by
4   ordering an unnecessary answer." Advisory Committee Notes to Rule 4, 1976 Adoption; see also
5   Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970) (Under § 2243, "the
6   District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack
7   of merit on its face.").

8       "[T]he petition is expected to state facts that point to a 'real possibility of constitutional
9   error.'" Advisory Committee Notes to Rule 4, 1976 Adoption (quoting Aubut v. State of Me., 431
10  F.2d 688, 689 (1st Cir. 1970)); see also Calderon v. U.S. Dist. Court, 98 F.3d 1102, 1109 (9th Cir.
11  1996) (Schroeder, J., concurring), cert. denied, 520 U.S. 1233 (1997) ("Thus the facts in a habeas
12  petition need not be so detailed as to establish *prima facie* entitlement to habeas relief; they are
13  sufficient if they suggest the real possibility that constitutional error has been committed.") (italics
14  in original). However, where the allegations in the petition are vague or conclusory, palpably
15  incredible, or patently frivolous or false, courts are authorized to summarily dismiss the petition.
16  See McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572 (1994) ("Federal courts are
17  authorized to dismiss summarily any habeas petition that appears legally insufficient on its
18  face[.]"); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990), cert. denied, 498 U.S. 1096
19  (1991) ("[R]ule 4 of the Rules Governing Section 2254 in the United States District Courts
20  'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for
21  relief is stated.'") (citations omitted); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990)
22  ("Summary dismissal is appropriate only where the allegations in the petition are 'vague [or]
23  conclusory' or 'palpably incredible', or 'patently frivolous or false.'") (citations omitted).

24      Petitioner's Petition consists of 19 pages of confused and unfocused rambling and any
25  grounds for relief asserted therein are deficient. Hendricks, 908 F.2d at 491. For example,
26  Petitioner posits largely incoherent and "palpably incredible" allegations that he

27  ─────────────────

28  Governing Section 2254 Cases. Accordingly, the Court will exercise its discretion in this case and
    apply the section 2254 rules to the instant habeas petition.

1        was subjected to mind altering substances on or about September 23, 2005

2        through September 26, 2005 and on or about November 18, 2005 by federal

3        authorities causing restrains on petitioner's memories of the events and

4        communications on those days and the events and communications between

5        those days, namely, October 21-23, 2005 and certain telephone

6        communications between those days.  These are also the days that federal

7        authorities unlawfully, unjustly and unconstitutionally adjudicated petitioner's

8        life, activities, thoughts, liberty and Constitutional rights, privileges and

9        immunities from September 23, 2005 to the present without petitioner's valid,

10        lawful and informed consent, which petitioner has never been afforded the

11        right to redress.

12  (Petition at ¶ 10.1.)  Petitioner further contends that he

13        submits this application for a Writ of Habeas Corpus . . . to secure absolute

14        and unalienable rights to his body – absolute and unalienable rights to his

15        thoughts, conscience and beliefs.  These rights have at all times been denied

16        to the petitioner since 1997 to the present and have been violated by

17        authorities claiming custody over petitioner's body.

18  (Petition at ¶ 12.)  Petitioner's remaining allegations are similarly incoherent and deficient.  (See,

19  generally, Petition at 1-19.)  Accordingly, the pending Petition is "patently frivolous."  Hendricks,

20  908 F.2d at 491; In re Hunter, 1995 WL 261459, at *2 (N.D. Cal. 1995) (dismissing habeas petition

21  because it is "a dense and impenetrable mass of verbiage").

22        Based on the foregoing, IT IS ORDERED THAT the case shall be summarily dismissed

23  without prejudice for lack of jurisdiction.  See Rule 4; Local Rule 72-3.2.

24  DATED: July 23, 2013

25                           *Christine A. Snyde*

26

27                           CHRISTINA A. SNYDER
                             UNITED STATES DISTRICT JUDGE

28